**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Andrea Renee THOMAS, Defendant—
Appellant.**

No. 03–10136.

D.C. No. CR–02–00470–LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 10, 2003.

---

Kenneth J. Melikian, USSC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Quin Denvir, FPDCA–Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM*

Andrea Thomas appeals the district court's denial of her motion to suppress evidence seized during a search of her car. We review the denial of the motion de novo, but the district court's factual findings are reviewed for clear error. *United States v. Murillo,* 255 F.3d 1169, 1174 (9th Cir.2001). We affirm.

Based on his extensive training and experience, California Highway Patrol Officer Allen Stallman articulated several suspicious facts that he noticed while questioning Thomas including: (1) she was driving a vehicle that did not belong to her; (2) she did not know the last name of the vehicle's owner; (3) she possessed a driver's license, benefit cards, and a temporary vehicle registration from Washington, California, and Oregon, respectively; (4) a strong odor of a deodorizer or air freshener emanated from the vehicle; (5) she exhibited signs of nervousness during the traffic stop; (6) she provided inconsistent information regarding her travel plans; (7) fast food wrappers were located in the front seat; (8) the vehicle had been driven approximately 7,000 miles in three months; and (9) there was a medium sized suitcase which Officer Stallman did not believe was sufficient to hold belongings for two weeks of travel.

*Murillo, Baron,* and *Perez* suggest that the factors that Officer Stallman articulated were "particularized and objective," which, when viewed under the totality of the circumstances, justified additional questioning. *Murillo,* 255 F.3d at 1174; *United States v. Baron,* 94 F.3d 1312, 1319 (9th Cir.1996); *United States v. Perez,* 37 F.3d 510, 513–514 (9th Cir.1994). Because Officer Stallman articulated a reasonable

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

suspicion that Thomas was engaged in illegal drug activity, the brief detention that occurred when the officer requested her consent to search was justified. The district court did not error in denying the motion to suppress the evidence seized.

**AFFIRMED.**